IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-825-SLR |
| ) | |
| GOVERNOR JACK MARKELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this 3rd day of May, 2013, having considered plaintiff's request for emergency injunction (D.I. 1);

IT IS ORDERED that the motion (D.I. 1) is **denied**, for the reasons that follow:

1. **Background.** Plaintiff Peter Kostyshyn ("plaintiff"), a prisoner incarcerated at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed a complaint on May 9, 2013, pursuant to 42 U.S.C. § 1983. (D.I. 1) Therein, he seeks emergency injunctive relief to have access to heart medication. On May 10, 2013, the court ordered defendants to respond and address plaintiff's allegations regarding lack of access to heart medication, as well as any other issues defendants believed pertinent. (D.I. 3) Defendants responded on May 15, 2013 and filed a supplemental response on May 28, 2013 with plaintiff's medical records and the affidavit of HRYCI Health Services Administrator Kristin Hernandez ("Hernandez"). (D.I. 8, 9, 14)

2. **Standard.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable

harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Discussion**. Plaintiff is currently housed in administrative segregation for violating inmate rules. He states that he requires nitroglycerin medication, that he is not being given the medication, and that Dr. Wallace asked why plaintiff was not allowed K.O.P (i.e., keep on person) the medically necessary medication. Defendants oppose the motion on the grounds that plaintiff has received substantial medical treatment for his heart condition and that plaintiff refuses to comply with the medical provider's directives by refusing medical testing and refusing medication. Defendants argue that plaintiff attempts to circumvent the medical provider by petitioning this court for K.O.P. medication instead of complying with the treatment plan.

4. The medical records submitted and Hernandez's affidavit indicate that plaintiff is receiving ongoing care and treatment and his heart condition is followed and monitored. (D.I. 14) The records further indicate that plaintiff is non-compliant with the medical regime offered him. In light of the exhibits submitted by defendants, the court finds that plaintiff has not demonstrated the likelihood of success on the merits. Notably, there is no indication in plaintiff's medical records that, at the present time, he is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

5. **Conclusion**. Therefore, the motion for a preliminary injunction is **denied**. (D.I. 1)

_____
UNITED STATES DISTRICT JUDGE