IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-825-SLR |
| | ) |
| GOVERNOR JACK MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of June, 2013, having considered plaintiff's motions for preliminary injunction, motion to compel discovery, requests for counsel, and motion for reconsideration (D.I. 18, 20, 28);

IT IS ORDERED that the motions (D.I. 18, 20, 28) are **denied**, for the reasons that follow:

1. **Background.** Plaintiff Peter Kostyshyn ("plaintiff"), a prisoner incarcerated at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed a complaint on May 9, 2013, pursuant to 42 U.S.C. § 1983. (D.I. 1) On May 31, 2013 and June 10, 2013, respectively, plaintiff filed motions for injunctive relief to order the State of Delaware to: (1) lift a weekly $1.35 postage restriction on legal mail; (2) lift the limit of twenty photocopies per week; and (3) allow him to keep nitroglycerin on his person or, in the alterative, to house him in the infirmary where the nitroglycerin tablets are kept. Plaintiff also requests counsel or, in the alternative, moves to compel the production of documents. Finally, he seeks reconsideration of a June 3, 2013 order that denied injunctive relief with regard to the nitroglycerin issue. On June 11, 2013,

the court ordered Warden Phil Morgan to respond and address plaintiff's motions. A response was filed June 14, 2013.

2. **Injunctive relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. Plaintiff indicates that he has been restricted from petitioning the courts as a result of a $1.35 per week postage limit and a photocopy limit of twenty copies per week. Plaintiff asserts the restrictions were imposed in retaliation for filing lawsuits. Plaintiff received a memorandum dated May 20, 2013 placing the restrictions on him due to his "continuous use and perhaps abuse of limited resources as it relates to [his]

2

mailing and supply privileges" that were granted him. Plaintiff was advised that he has not shown the ability to responsibly and respectfully use the free mail for legal purposes.

4. Plaintiff's allowable legal mail amount was reduced to $2.27 per week (i.e., one personal letter at 46 cents and one large envelope at $1.35). In addition, he has been limited to no more than twenty photocopies for legal work per week, except the amount may be modified upon presentation of a court order that indicates more copies are required. (D.I. 18, ex. I)

5. Mary Matthews supervises the mailroom at the HRYCI. She states that plaintiff's mailing privileges were limited due to plaintiff's abuse of the mail system. Plaintiff is limited in the amount of postage he receives for mailing through the United States Postal Service, but he can send mail at no charge through the State of Delaware's interoffice mail system for correspondence to the Delaware State Courts, Delaware State Officials, and the like. Plaintiff mailed 192 items from May 1, 2013 to June 14, 2013. The mailings included twenty-two legal mailings on May 2, 2013, twenty-seven legal mailings on June 4, 2013, and fifteen legal mailings on June 7, 2013.

6. According to Matthews, plaintiff claims that he is indigent and has no funds to pay for postage or writing supplies. (D.I. 26, Matthews decl.) The court takes judicial notice that on April 3, 2013, the Superior Court of the State of Delaware in and for New Castle County denied plaintiff's motion to proceed in forma pauperis based upon factual findings of the Superior Court regarding plaintiff's assets, which include unclaimed monies held by the Superior Court totaling almost $70,000. See *Kostyshyn v. State*,

*v. State*, 2013 WL 1857541 (Del. Super. Ct. Apr. 17, 2013). Although plaintiff currently owes the HRYCI over $2,000 for legal copies and postage, it continues to provide him with postage and supplies for his legal mail.

7. It is well settled that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner making an access to courts claim is required to show that the denial of access caused actual injury. *Lewis v. Casey*, 518 U.S. 343, 352-54 (1996). For claims involving inadequate legal supplies such as paper, pens, and photocopying, a plaintiff must show that the alleged inadequacies resulted in an "actual injury" where he was actually denied access to the courts. *See Lewis*, 518 U.S. at 351-52. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence or conditions of confinement. *Lewis*, 518 U.S. at 349 ("Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

8. "Meaningful access to the courts" may require the state to shoulder expenses to ensure prisoners have meaningful access to the courts. *Bounds* at 823-824. The court considers whether the prisoner is granted "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825. While a state must provide prisoners an opportunity to send legal papers, *see id.*, it

does not mean that prisoners have a constitutional right to unlimited free postage. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987); *Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir. 1985); *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985); *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978); *Bach v. Coughlin*, 508 F.2d 303, 307 (7th Cir. 1974).

9. Plaintiff does not indicate how he was denied "meaningful access to the courts." *Bounds*, 430 U.S. at 823. He was not blocked from sending legal mail. Indeed, he is afforded a reasonable amount of postage per week that can be used to send legal mail. In addition, he has unfettered use of the State interoffice mail system. Courts have held similar mail policies to be constitutional. *See, e.g. Hoppins*, 751 F.2d at 1162 (holding that "the furnishing of two free stamps a week to indigent prisoners is (1) adequate to allow exercise of the right to access to the courts, and (2) adequate to allow a reasonable inmate to conduct reasonable litigation in any court"); *Twyman*, 584 F.2d at 358–60 (finding a similar stamp policy that only provided free postage for an indigent inmate (defined as an inmate with less than $5 in his account) was constitutional). While plaintiff is restricted in the number of photocopies available to him, the HRYCI has not precluded him from making any photocopies and, notably, will allow photocopies over twenty upon the showing of a court order that indicates plaintiff may need to make additional copies.

10. In light of the exhibits submitted by defendants, the court finds that plaintiff has not demonstrated the likelihood of success on the merits. Plaintiff has not shown that he has or will suffer a relevant, actual injury because of the reduced allowable

postage and photocopies. Hence, he has failed to meet the burden of proof required to demonstrate that he is being denied access to the courts. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Finally, plaintiff's copious filings belie his claim that he does not have adequate access to the courts. Therefore, the court will deny his motions for injunctive relief.

11. **Reconsideration.** Plaintiff appears to have filed a motion for reconsideration of the June 3, 2013 order (D.I. 17) that denied his motion for injunctive relief to keep nitroglycerin on his person, combined with a renewed motion for injunctive relief to keep the nitroglycerin on his person or, alternatively, to transfer him to the infirmary where the nitroglycerin tables are kept. (See D.I. 20) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

12. Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the court's June 3, 2012 order that denied him injunctive relief. In addition, the court declines to revisit the issue to the extent that plaintiff intended to file a renewed motion for injunctive relief. Therefore, the motion is denied.

13. **Request for counsel.** Plaintiff requests counsel to assist him in obtaining his complete medical file. The requests for counsel are **denied** without prejudice to renew. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

14. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; accord *Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

15. At present, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Moreover, this case is in its early stages and service has not yet taken place. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary.

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

16. **Discovery**. To the extent plaintiff seeks to compel defendants to produce his medical file, the motion is denied as premature. This case is in its early stages. Plaintiff has yet to file a motion to proceed in forma pauperis or pay the filing fee, the court has yet to screen the complaint, and no parties have been served.

17. **Conclusion**. The pending motions (D.I. 18, 20, 28) are **denied**. Plaintiff is placed on notice that the court will docket, but not consider, further motions until plaintiff complies with the May 30, 2013 order (D.I. 16) that requires him to either submit a request to proceed in forma pauperis or pay the filing fee in full.

_____
UNITED STATES DISTRICT JUDGE